[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION FOR HEARING PURSUANT TO FRANKS v. DELAWARE
Franks v. Delaware, 438 U.S. 154 (1978), holds that, under some circumstances, a defendant in a criminal proceeding has the right, under the Fourth and Fourteenth Amendments, to challenge the truthfulness of factual statements made in an affidavit supporting a search warrant. Edward R. Grant, the defendant in the present case, had a sample of his blood seized pursuant to a search warrant and contends, in the motion now before the court, that he is entitled to a Franks hearing to challenge the integrity of that warrant. For the reasons briefly explained below, the motion must be denied.
The search warrant in this case is described in this court's January 3, 2002 memorandum of decision denying the defendant's motion to suppress blood evidence seized pursuant to the search warrant. Familiarity with that decision is presumed. The motion now before the court was filed on November 20, 2001. That motion contends that certain "important facts were intentionally or recklessly omitted from the search warrant." It was heard on January 7, 2002.
Franks explains its holding in the following terms:
 There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when CT Page 192 material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing.
438 U.S. at 171-72.
Grant does not claim that any statements made in the search warrant application were false. His claim is that other important information was intentionally or recklessly omitted. "The court in Franks mentioned only `a false statement . . . included . . . in the warrant affidavit'; subsequent cases, however, have extended Franks to include material omissions from such an affidavit." State v. Weinberg, 215 Conn. 231,237, 575 A.2d 1003, cert. denied, 498 U.S. 967 (1990). "But, some care is required in applying the Franks intentional-or-reckless requirement to omissions." 2 WAYNE R. LAFAVE, SEARCH AND SEIZURE § 4.4(b) at 496 (3d ed. 1996). Our Supreme Court has explained that:
 Not all omissions . . . even if intentional, will invalidate an affidavit. . . . In fact, an affiant may omit facts that he believes to be either immaterial or unsubstantiated. . . . Thus, before a defendant is entitled to a Franks hearing for an alleged omission, he must make a substantial preliminary showing that the information was (1) omitted with the intent to make, or in reckless disregard of whether it made, the affidavit misleading to the issuing judge, and (2) material to the determination of probable cause. . . . Even if the affiant `picks and chooses' the information that he includes in the affidavit, there is no Franks violation if, had the magistrate been so advised, he still would have been justified in issuing the warrant.
State v. Bergin, 214 Conn. 657, 666-67, 574 A.2d 164 (1990).
"[A]n affidavit which omits potentially exculpatory information is less likely to present a question of impermissible official conduct than one which affirmatively includes false information." United States v. Atkin,107 F.3d 1213, 1217 (6th Cir. 1997). The reason for this analysis has been well stated by the Fourth Circuit:
 While omissions may not be per se immune from CT Page 193 inquiry . . . the affirmative inclusion of false information in an affidavit is more likely to present a question of impermissible official conduct than a failure to include a matter that might be construed as exculpatory. This latter situation potentially opens officers to endless conjecture about investigative leads, fragments of information, or other matter that might, if included, have redounded to defendant's benefit. The potential for endless rounds of Franks
hearings to contest facially sufficient warrants is readily apparent.
United States v. Colkley, 899 F.2d 297, 301 (4th Cir. 1990). Consequently, "[f]or an omission to serve as the basis for a hearing under Franks, it must be such that its inclusion in the affidavit would defeat probable cause." Id.
The omissions claimed by Grant are as follows: (1) that "several identifiable fingerprints were located in or on the Serra vehicle and were identified not to be the defendant's"; (2) that the affiants omitted a statement from a 1992 affidavit directed against another suspect, Selman Topciu, that "it has never been substantiated that the latent prints [lifted from the Serra vehicle belong to the perpetrator"; (3) that "a microscopic examination of the fingerprint lifted from the tissue box showed that it was placed there prior to the time the blood was deposited"; (4) "information regarding how long the Pathmark tissue box had been in the Serra vehicle"; (5) certain eyewitness descriptions of the perpetrator that "do not match that of the defendant"; (6) the opinion of certain investigators that "the perpetrator had suffered from a serious injury to his left hand and that the perpetrator would thus be likely to have a significant scar in that area" and that "there was no evidence of any scar" on Grant; (7) that another suspect, Philip DeLieto, had been confidently identified by an eyewitness and had had "some domestic disputes" with the victim shortly before her death; and (8) that the reference in ¶ 14 of the affidavit to the "suspect under investigation whose blood has genetic markings that are consistent with those of the perpetrator's blood" was to Selman Topciu, not Grant.
Grant has submitted numerous documentary materials in his offer of proof, and the State has submitted additional documentary materials in an attempt to place the materials submitted by Grant in context. Neither party disputes the authenticity of the other's submissions. (The State does point out, correctly, that a few of the materials submitted by Grant came into existence after the date of the September 18, 1997 affidavit and shed no light on whether the materials preexisting the affidavit were omitted intentionally or recklessly.) The Franks hearing that Grant CT Page 194 envisions would focus on whether the omissions complained of were intentionally or recklessly made. Grant concedes that if the materials submitted are insufficient to defeat probable cause, a Franks hearing would serve no purpose.
For reasons largely explained in the court's January 3, 2002 memorandum of decision on the defendant's motion to suppress blood evidence, the materials submitted by Grant in his present motion, even had they been included by reference or synopsis in the September 18, 1997 affidavit, would be insufficient to defeat probable cause. At the end of the day, we are left with a situation in which (1) Grant's fingerprint was on a tissue box recovered from the rear passenger compartment floor of the car used by the victim, (2) neither Grant nor anyone else could explain how his fingerprint got on the tissue box, and (3) Grant told the affiants that he had Type O blood — the very type taken from the crime scene and the tissue box and believed to be that of the perpetrator. Under the "totality of circumstances"; Illinois v. Gates, 462 U.S. 213, 231-32
(1983); a magistrate reviewing an affidavit combining this information with the information that Grant says should have also been included, could appropriately determine that the warrant should be signed. The additional material submitted by Grant is insufficient to defeat probable cause.
The additional material submitted by Grant does not dilute the evidence, duly cited in the affidavit, implicating him in the homicide. At best, that material draws into the circle of suspicion two other suspects — (1) Selman Topciu and (2) Philip DeLieto. Significantly, however, the materials submitted by the State establish that, well prior to the September 18, 1997 affidavit, (1) two different judges (Ronan, J. and Hartmere, J.) had reviewed arrest warrant applications for the arrest of Selman Topciu and found no probable cause, and (2) Philip DeLieto had voluntarily given a sample of his blood, and DeLieto's blood was found not to match that of the perpetrator. When all of the evidence submitted by Grant is examined in the light of all this evidence, the probable cause for obtaining a sample of Grant's blood is not defeated.
In effect, Grant asks the court to import the rule of Brady v.Maryland, 373 U.S. 83 (1963), into the warrant application process.Brady establishes that the State has a duty to disclose exculpatory material to the defendant in a criminal case. As the Fourth Circuit pointed out in Colkley, however, the warrant application process is significantly different from the context of Brady, the rule of which is designed to ensure fair trials and reliable verdicts. The purpose of a search warrant application is investigative. "Because the consequences of arrest or search are less severe and irremediable than the consequences CT Page 195 of an adverse criminal verdict, a duty to disclose potentially exculpatory information appropriate in the setting of a trial may be less compelling in the context of an application for a warrant."899 F.2d at 302. Thus, as our Supreme Court explains in Bergin, an affiant may "pick and choose" the information that he includes in the affidavit.214 Conn. at 666.
In any event, the material submitted by Grant in his offer of proof is insufficient to defeat probable cause. The motion for a Franks hearing must, consequently, be denied.
Jon C. Blue Judge of the Superior Court